**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  CASE NO.: 4:08cr3-SPM

NAKIA MCCLAIN,

                Defendant.

_____/

**ORDER DENYING GOVERNMENT'S MOTION IN LIMINE IN PART AND
GRANTING THE MOTION IN PART**

        This cause comes before the Court on the Government's notice of intent to

use prior bad acts of the Defendant (doc. 29) and the Defendant's response (doc.

41).  The Defendant has been charged with possession of a firearm by a convicted

felon. The Government requests that evidence of certain prior bad acts be admitted

for the purpose of demonstrating the Defendant's intent pursuant to Federal Evidence

Rule 404(b).  This evidence is as follows:

        1.        A 2006 arrest and charge of possession of a firearm by a convicted

                felon in Miami-Dade.

        2.        A 1994 state conviction of attempted murder and aggravated assault

                with a firearm.

        3.        A 1994 state conviction of armed robbery and aggravated battery.

        4.        A 1996 state charge of armed burglary and grand theft.

        The Government argues that this evidence would be introduced for the

purpose of demonstrating the Defendant's knowledge and intent to possess the

firearm in this instant case and to show the absence of mistake or accident.  Upon

consideration of the arguments of the parties, the Government's motion will be denied

as to the Miami-Dade offense and granted as to the prior convictions

## I.      404(b) STANDARD

Federal Evidence Rule 404(b) states that "evidence of other crimes, wrongs,

or acts is not admissible to prove the character of a person in order to show that he

acted in conformity therewith."  In other words, a defendant's extrinsic bad acts

cannot be introduced to show that a defendant has a bad character and therefore is

more likely to have committed the instant offense.  Such evidence *is* admissible,

however, under Rule 404(b) as "proof of motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  In

applying Rule 404(b), a court must complete a Rule 403[1] analysis to determine

whether the danger of the undue prejudice of the proposed evidence outweighs its

probative value.

## II.     INSTANT OFFENSE

In this case, the Defendant is charged with one count of possession of a

firearm by a convicted felon.  Title 18 United Stated Code Section 922(g)(1) states

that it is unlawful for a person "who has been convicted in any court of a crime

punishable by imprisonment for a term exceeding one year – to ship or transport in

interstate or foreign commerce, or possess in or affecting commerce, any firearm or

---

[1]  The text of Rule 403 is as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."   To prove possession of a firearm by a convicted felon, the Government must show "(1)That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and (2) That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense."  Eleventh Circuit Criminal Pattern Jury Instruction 34.6.

### III.    MIAMI-DADE OFFENSE

In June of 2006, the Defendant was a passenger in a car that was stopped by the Miami-Dade police.  During the stop, the Defendant realized that there was an outstanding misdemeanor warrant issued for him.  The Defendant fled the scene.  As the Defendant was running, the police officer saw the Defendant drop an assault rifle on the ground.  The Defendant was subsequently charged for possession of a firearm by a convicted felon.  The Defendant was later arrested and then released on bond for this charge.  While on release, the Defendant left the jurisdiction and a warrant for his arrest was issued.  To date, the Miami-Dade offense is still pending.

### IV.    ANALYSIS

The Government states that the purpose of the admission of these prior bad acts is to establish intent, knowledge, and absence of mistake.  In determining the admissibility of prior bad acts, a three-part test applies.

"First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the

3

extrinsic act.  Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403."

United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001) (quoting United

States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992)).  "The term 'unfair prejudice,'

as to a criminal defendant, speaks to the capacity of some concededly relevant

evidence to lure the factfinder into declaring guilt on a ground different from proof

specific to the offense charged."  Old Chief v. United States, 519 U.S. 172, 180

(1997).  In determining unfair prejudice, "a court should consider the differences

between the charged and extrinsic offenses, their temporal remoteness, and the

Government's need for the evidence to prove" the permissible purpose for which the

evidence is used.  United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir.

1993).

     With regard to the Miami-Dade offense The Government can satisfy the first

two parts of the three-part Giordano test.  The first prong of the test is whether this

evidence is relevant to an issue other than proving the Defendant's character.  The

arrest in Miami-Dade was for possession of a firearm by a convicted felon.  That is

the exact same charge as in the instant offense.  The Government argues that the

prior arrest will be used to prove the Defendant's knowledge and intent and to show

the absence of mistake.  These are all legitimate purposes that are allowed by Rule

404(b).  The knowing possession of a firearm in the Miami-Dade case is plainly

relevant to the possession in this case.  "Indeed, the case law in this and other

circuits establishes clearly the logical connection between a convicted felon's

4

knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." United States v. Jernigan, 341 F.3d 1273, 1281 (11th Cir. 2003).  Therefore, the Government's motion succeeds on this first prong.

As to the second prong, Giordano requires that "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act".  261 F.3d at 1140. See also Huddleston v. United States, 485 U.S. 681, 685 (1988).  The offers of proof of the prior bad act consist of the testimony of the arresting officer.  The officer will testify that he can positively identify the Defendant by using the State of Florida identification network and the Defendant's driver's license photo.   His testimony will also include personal observations of the Defendant running and dropping the firearm. This information would be sufficient for a jury to find that Defendant committed this act.  Therefore, the Government has satisfied this second prong.

In applying the third prong, which includes a Rule 403 analysis, the Court must make a common sense assessment of all circumstances surrounding the prior bad act, including differences between the charged and extrinsic offenses, their temporal remoteness, and the Government's need for the evidence to prove knowledge.  Diaz-Lizaraza, 981 F.2d at 1225.  An evaluation of these factors in this case demonstrates that the probative value of the evidence is substantially outweighed by unfair prejudice to the Defendant.

As an initial matter, the Court notes that there is no difference between the

5

charge in the Miami-Dade case and the current offense.  In both cases, the

Defendant is charged with possession of a firearm by a convicted felon.

Furthermore, the arrest is from 2006, therefore, the prior bad act is not temporally

remote.  These two factors weigh in favor of admission.

With regard to the third factor, the Government does not need the evidence of

the Miami-Dade offense to prove intent or knowledge.   "The greater the

government's need for evidence of intent, the more likely that the probative value will

outweigh any possible prejudice."  United States v. Hicks, 798 F.2d 446, 451 (11th

Cir. 1986).  "If the government can do without such evidence, fairness dictates that it

should; but if the evidence is essential to obtain a conviction, it may come in."  United

States v. Pollock, 926 F.2d 1044, 1048 (11th Cir. 1991), cert. denied, 502 U.S. 985

(1991).  In this case, the evidence of the prior arrest is not needed to obtain a

conviction in this case.

The Defendant will argue at trial that he did not know there was a gun in his

home.  This claim is substantiated by an affidavit signed by the Defendant's brother-

in-law Justin Baumgardner.  Baumgardner stated that he had found the gun and was

unsure of what to do with it, so he hid it in his sister's clothes hamper.  He further

states that the Defendant did not know that Baumgardner had done this.  The

Defendant's defense in this case is that he did not know that the gun was in the

house.

The Government's position is that Baumgardner is not a credible witness and

that the Defendant did know that the gun was in the hamper.  Therefore, this is a

question of the credibility of Baumgarder versus the credibility of the Defendant.

Given that Baumgarder admitted ownership of the gun more than two weeks after

Defendant's arrest will help the Government impeach Baumgarder's testimony.

Furthermore, at the scene, the Defendant made unsolicited comments admitting to

the possession of the firearm.  At the same time, Baumgarder was detained outside

of the residence and observed the Defendant being arrested for possession of the

firearm.  But Baumgarder said nothing at that time to indicate that he was the proper

owner of the firearm.  The Miami-Dade offense does not make it more likely that the

Defendant knew that there was a firearm inside of his clothes hamper.  Whether the

Defendant knew there was a firearm in the clothes hamper is a question of credibility.

The Government has significant evidence that calls the Defendant and Baumgarder's

credibility into question.  Therefore, the probative value of the Miami-Dade offense

has little probative value as to the actual issue of credibility in this case.

The admissibility of this evidence moreover, is more likely to demonstrate the

Defendant's propensity to commit the charged offense in this instant case than it is to

merely show that he had the requisite state of mind to possess a firearm. The

inference that is likely to be made by the admission of this evidence is that the

Defendant is predisposed to committing crimes and that he is therefore guilty of the

present offense.  This is exactly the type of inference that Rule 404(b) prohibits.

Therefore, the probative value of the admission of the Miami-Dade arrest is

outweighed by its prejudicial effect.  For the same reasons as mentioned above, the

prior bad act in Miami-Dade is inadmissible for the purpose of demonstrating

7

knowledge or absence of mistake.

### V.   CONCLUSION

The prior arrest and charge in Miami-Dade will not be admitted as evidence in this trial.  The likelihood of the evidence being used to demonstrate the Defendant's propensity to commit crimes is too great.  The unfair prejudice of the evidence substantially outweighs any probative value.

With regard to the admissibility of the prior convictions, the Court will allow their admission on the grounds that their probative value outweighs their prejudicial value.  The prior convictions are relevant for the permissible purpose of proving intent, knowledge and absence of mistake.  The fact that these prior bad acts are actual convictions increases the sufficiency of proof.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Government's motion to introduce evidence of the prior arrest and charge in the  Miami-Dade offense is *denied*.

2.     The Government's motion to introduce evidence of the three prior convictions is *granted*.

**DONE AND ORDERED** this <u>eighteenth</u> day of April, 2008.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge