IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                              CASE NO. 4:08-cr-3-SPM -GRJ

NAKIA MCCLAIN,

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 96, an amended motion to vacate pursuant to 28 U.S.C. § 2255.  The motion stems from Defendant's conviction for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), for which Defendant received a sentence of 188 months imprisonment.  Defendant contends that his trial counsel rendered ineffective assistance by: (1) failing to investigate his criminal history as outlined in the PSR; (2) failing to object to Defendant's designation as an armed career criminal; (3) failing to advise him of the possible sentencing advantages of entering a plea; and (4) failing to advise him of minimum and maximum penalties.  Defendant contends that appellate counsel was ineffective for failing to inform him of his right to file a petition for *certiorari* and failing to argue against a sentence enhancement on direct appeal.  (Doc. 96.)  The Government has filed a response (Doc. 104) and the Defendant a reply (Doc. 105.)  Upon due consideration, and for the following reasons, the undersigned recommends that the motion to vacate be denied.

## Background

At Defendant's two-day jury trial, it was established that on November 10, 2007, law enforcement officers executed a search warrant at Defendant's residence based on

probable cause that he was counterfeiting United States currency.   (Doc. 75, p. 99.)

During the search, officers recovered a .22-caliber revolver, marijuana, drug

paraphernalia, a computer, and a scanner/printer in the bedroom where Defendant was

found.  (*Id.* at 47-51, 81-84.)  Officers also discovered photocopies of a counterfeit

$50.00 bill and a genuine $50.00 bill with serial numbers matching the counterfeit one

on the Defendant's person at the time of the execution of the search warrant and arrest.

(*Id.* at 47-48, 66, 88.)  Defendant admitted to officers that all of the items were his.

Defendant had previously been convicted of felonies and his right to possess a firearm

had not been restored.  (*Id.* at 39-46.)  Certified copies of the judgments of convictions

and the informations for Defendant's prior state court felony convictions were admitted

into evidence at trial.  (Doc. 76, pp. 37-40.)  At trial, Defendant presented witnesses

who testified that the gun actually belonged to a minor who lived in the home with

Defendant.

On April 22, 2008, the jury found Defendant guilty of one count of felon in

possession of a firearm.  (Doc. 57.)  After preparation of a pre-sentence investigation

report ("PSR"), Defendant's sentencing guidelines range was found to be 188-235

months imprisonment.  Trial counsel filed objections to the PSR, arguing that the four-

level enhancement for possession of a firearm in connection with a counterfeiting

operation and upward departure for the Defendant's criminal history were unwarranted.

On July 21, 2008, the district court sentenced Defendant to 188 months imprisonment

and 5 years of supervised release.  (Docs. 62, 77.)

Defendant timely appealed to the Eleventh Circuit, raising as the sole ground for

appeal sufficiency of the evidence presented at trial.  (Docs. 63, 87); *McClain v. United*

*States,* 319 F. Appx. 788, 789 (11th Cir. 2009).  His conviction and sentence were affirmed, and no petition for *certioriari* was filed.  On December 30, 2009, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 88.)  Defendant was granted leave to file an amended motion, which was filed on February 17, 2011.  (Docs. 95, 96.)

### Ineffective Assistance of Counsel

Because Defendant's claims raise the issue of counsel's effectiveness, a review of  *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance.  *Strickland*, 466 U.S. at 689-90.  To show counsel's performance was unreasonable, a defendant must establish that "no competent

counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007).  "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*.  "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption . . . that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc).  "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).  There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16.  "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's

unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.  Of particular relevance to this case, where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he must "show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3rd 1499, 1504 (11th Cir. 1995) (internal quotations omitted).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

## Discussion

### Claims One and Two: Sentencing Objections

Defendant contends in grounds one and two of his motion to vacate that trial counsel rendered ineffective assistance during the sentencing phase by failing to investigate his criminal history and failing to object to his designation as an armed career criminal pursuant to the  Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e).  Defendant alleges that had trial counsel thoroughly investigated his criminal

history, he would find that two of Defendant's predicate felony offenses did not occur on

separate occasions.  Defendant also argues that counsel was ineffective for failing to

make an objection under *Shepard v. United States*, 544 U.S. 13 (2005).  (Doc. 96.)

Trial counsel's sworn affidavit, written response to the PSR, and statements at

sentencing all demonstrate that he made a reasonable investigation into Defendant's

criminal history.  (Doc. 104, Exh. A, Doc. 77.)  In his letter to the U.S. Probation Office

regarding the PSR, trial counsel objected to multiple factual representations in the

report; objected to the four-level sentence enhancement for possession of a firearm in

proximity to a counterfeiting operation; and noted that the names and dates of certain

convictions were incorrect.  (Doc. 104, Exh. A.)  A file memo prepared by trial counsel

in connection with Defendant's case indicated that based on his criminal history, he

would receive the ACCA designation based on offenses occurring on March 8, 16, and

26, 1994.  (*Id.*)  At Defendant's trial, certified copies of each of the informations filed in

three of Defendant's prior state felony cases were admitted as government exhibits.

(Doc. 55.)

Although counsel did not argue at sentencing that Defendant did not qualify for

the enhancement, the Court afforded Defendant the opportunity to do so.  Defendant

told the Court that he did not think he qualified for the ACCA designation because his

1994 charges were on the same day but in the PSR had been separated as they were

different charges.  (Doc. 77, p. 6.)  Probation advised the Court that Defendant had five

predicate offenses and possibly one more.  Defendant responded that he had three, not

five.  Trial counsel explained to the Court that Defendant "was sentenced on same day

for two of those, but for purposes of the armed career criminal statute, it's unfortunately clear to me that they all count as separate offenses." (*Id.* at 7.) Trial counsel noted that there were three separate offense dates in 1994–March 8, 16, and 25–that supported the ACCA classification. Trial counsel went on to say:

> I wish it was not so, but they do. And while he was sentenced on the same day, for those offenses listed in paragraph 26 and 27, that would make a difference for career criminal classification, but for armed career criminal, it doesn't – it doesn't mean that they're counted as one offense. And it's something Mr. McClain and I have talked about, but I just don't think I've managed to persuade him to my view of things.

(*Id.*)

Defendant told the Court that he did not really know what was going on and trial counsel could have done a better job of showing him what he was facing. He also said that trial counsel should have filed a sentencing memorandum. (*Id.* at 8, 10.) Trial counsel advised that Court that he did not think there was any advantage to filing a sentencing memorandum. (*Id.* at 8.)

The Court concluded that Defendant had not presented legally sufficient reasons to have a new attorney appointed in order to file a sentencing memorandum. (*Id.*) Trial counsel subsequently read, at Defendant's request, a sentencing memorandum prepared by Defendant. Defendant sought a downward departure because his criminal history was "grossly overstate[d]" and his mother was in very poor health. (*Id.* at 28.) Defendant requested placement in a BOP drug treatment program and placement at facility near his mother and children. (*Id.*) Finally, Defendant asserted that he did "not have the predicate offenses that the ACCA statute requires. The August 22, 1994 conviction should be counted . . . as a single sentence." (*Id.* at 28-29.) Defendant requested to reserve issues for appeal. (*Id.* at 29.)

The Court found that a preponderance of evidence existed to apply a four-level enhancement for possession of a firearm in connection with another felony offense and sentenced Defendant to 188 months, at the bottom of the guideline range and 8 months more than the minimum mandatory sentence.  (*Id.* at 36-37.)

As to Defendant's claim that trial counsel did not investigate his criminal history, this contention is refuted by the record. As evidenced by the affidavit submitted by Defendant's trial counsel, doc. 104, ex. A, he independently investigated the three prior criminal offenses that provided the basis for the Defendant's designation as an armed career criminal. Defendant's counsel brought to the attention of the probation officer in his response to the PSR details of those convictions, advising of incorrect names and dates for certain convictions.

Defendant's claim that trial counsel's performance was deficient for not objecting to the ACCA designation is likewise not supported by the record–including Defendant's admission that he had three prior felony offenses but disputed that there were actually five in total.  (Doc. 77, p. 7.)  Further, it is clear that Defendant did not suffer any prejudice due to counsel's decision not to object on the grounds advanced by Defendant, because the Court allowed Defendant himself to assert the objections.

As to Defendant's claim that trial counsel should have objected to the use of non-*Shepard* approved documents, the charging documents were entered into evidence at trial. Those documents showed that the Defendant committed each of his three sets of prior felony offenses on three different days, even though he was arrested, charged, and concurrently sentenced at the same time for the two 1994 convictions. Thus, the Defendant was found to have committed three violent felonies "on occasions

different from one another," as required by 18 U.S.C. § 924(e)(1). Defendant, therefore, has failed to demonstrate trial counsel was deficient for not objecting to the use of the charging documents, which were clearly *Shepard* approved documents.

Accordingly, on this record, Defendant has not overcome the strong presumption that trial counsel exercised reasonable professional judgment and has failed to demonstrate under *Strickland* either unreasonableness or prejudice.

### Claim Three: Advice Regarding Benefit of Plea Versus Trial

Defendant contends that trial counsel did not adequately advise him regarding the benefits and consequences of pleading guilty versus going to trial. Defendant contends that if trial counsel would have informed him of the possibility of a sentence reduction for acceptance of responsibility, he would have pleaded guilty. (Doc. 96.)

In a February 25, 2008 letter to Defendant, trial counsel advised Defendant that if he were "to go to trial and lose and if the judge was of the view that some of our witnesses had lied, the range would be higher" than 188-235 months, to 235-293 months. (Doc. 104, Exh. A.) Trial counsel also advised Defendant, whose offense level was 33, that: "If, on the other hand, you entered a guilty plea and the judge was of the view that you fully admitted to the offense, your offense level would be reduced to 31, leaving you with an advisory Guidelines range of 151 to 188 months. As the mandatory minimum 15 years trumps the Guidelines range, the effective range would be 15 years to 15 years and 8 months (180 to 188 months)." (*Id.*) After being advised of these options, Defendant chose to proceed to trial.

At sentencing, Defendant told the district court that trial counsel had not advised him of his sentencing guidelines. The district court found that Defendant did not offer

legally sufficient reasons for his dissatisfaction with trial counsel and declined to appoint new counsel.  (Doc. 77, pp. 11-12.)  In the instant motion to vacate, Defendant has pointed to nothing in the record other than his conclusory allegations to establish that trial counsel did not advise him of the sentencing advantages of a guilty plea. Furthermore, Defendant was ultimately sentenced within the range that trial counsel predicted he would receive if he pleaded guilty and avoided trial.

On this record, the undersigned concludes that Defendant has established neither the deficient performance nor prejudice prongs of *Strickland* with regard to this claim.

### Claim Four: Advice Regarding Penalties

Defendant contends that trial counsel rendered ineffective assistance by failing to advise him of the minimum and maximum penalties he faced.  Specifically, he argues that if he knew he would face 15 years to life in prison or a guideline sentence of 188-235 months if he went to trial, he would have pleaded guilty, accepted responsibility, and would have received a lower sentence of 135-168 months imprisonment; possibly even a sentence of 97 months or less.  (Doc. 96.)

As an initial matter, Defendant faced a mandatory minimum sentence of 15 years in prison (180 months) regardless of whether he was convicted by a jury or pleaded guilty, because this is the mandatory minimum under ACCA.  Defendant was advised as much in a February 25, 2008 letter from his trial counsel.  (Doc. 104, Exh. A.)  In that letter, Defendant was also advised that if he were "to go to trial and lose and if the judge was of the view that some of our witnesses had lied, the range would be higher" than 188-235 months.  Trial counsel also advised Defendant: "If, on the other

hand, you entered a guilty plea and the judge was of the view that you fully admitted to the offense. . .the effective range would be 15 years to 15 years and 8 months (180 to 188 months)." (*Id.*) Trial counsel went on to stress that Defendant faced a minimum mandatory 15-year sentence regardless of the guidelines range. (*Id.*) Trial counsel also attests that it would have been his standard practice to also advise Defendant of the maximum possible sentence. (*Id.*)

Defendant was ultimately sentence to 188 months, 8 months more than mandatory minimum and the bottom of his sentencing guidelines range. (Docs. 65, 77.) On this record, the undersigned concludes that Defendant has established neither the deficient performance nor prejudice prongs of *Strickland* with regard to this claim.

### Claim Five: Failure to Advise of Right to File Petition for *Certiorari*

Defendant contends that appellate counsel rendered ineffective assistance by failing to inform him of his right to seek a petition for *certiorari* with the Supreme Court after the Eleventh Circuit affirmed his conviction and sentence.

Defendant does not have a viable ineffective assistance counsel claim based on appellate counsel's failure to file a *certiorari* petition because Defendant does not have a Sixth Amendment right to counsel to pursue discretionary review in the Supreme Court. *See Ross v. Moffitt,* 417 U.S. 600, 616-17 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam). Because there was no constitutional deprivation, there can be no claim that appellate counsel's performance was ineffective under *Strickland*. *See Coleman v. Thompson,* 501 U.S. 722, 752 (1991) (citing *Torna* for the proposition that "when there is no constitutional right to counsel there can be deprivation of effective assistance"); *Paige v. United States*, 2009 WL 700659, *10

(M.D. Fla. 2009) (denying § 2255 claim of ineffective assistance of counsel where counsel did not file a petition for writ of *certiorari* because petitioner "did not have a Sixth Amendment right to counsel to pursue discretionary review in the Supreme Court. . .there can be no claim that counsel's performance was ineffective under *Strickland*").

Furthermore, correspondence attached to the affidavit of appellate counsel Robert August Harper discloses that on March 25, 2009, he sent Defendant the Eleventh Circuit's March 16, 2009 order affirming the conviction and sentence. (Doc. 104, Exh. B.) In that letter, appellate counsel advised Defendant that he "did not intend to file a petition for rehearing;" urged Defendant to communicate any suggestions promptly; and explained that his firm's representation ended. (*Id.*) On April 9, 2009, a letter from appellate counsel to Defendant notified him that his firm was "not authorized or permitted to file anything other than the direct appeal" on Defendant's behalf. (*Id.*) On May 4, 2009, appellate counsel mailed Defendant a copy of the record on appeal. (*Id.*) Thus, appellate counsel promptly communicated to Defendant that his representation would not extend past the direct appeal and timely provided Defendant with the materials necessary to file a *certiorari* petition.

Defendant did not have a constitutional right to representation on direct review and, accordingly, this claim is due to be denied.

### Claim Six: Failure to Raise Sentencing Issue on Appeal

Defendant contends that appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the four-level sentence enhancement for possession of a firearm in proximity to a counterfeiting operation.

At Petitioner's July 21, 2008 sentencing hearing, Defendant objected to the

sentence enhancement, denying that he was involved in a counterfeiting operation.

Investigating officer Dwight L. Norris of the Perry Police Department testified at the

sentencing hearing regarding what he found at Petitioner's residence.  (Doc. 77, pp. 15-

26.)  The district court overrruled the objection, stating that:

> [T]rial testimony from multiple officers said that the defendant was indeed
> engaged in counterfeiting and that he possessed his firearm in connection with
> that felonious activity.
>
> The firearm at issue was located in the defendant's master bedroom.  Also in his
> master bedroom were a counterfeit fifty-dollar bill, photocopies of a counterfeit
> fifty-dollar bill, a Dell computer and printer.
>
> Additionally, at the time of his arrest, officers found on the defendant's person
> what appeared to be a genuine fifty-dollar bill with serial numbers matching the
> counterfeit bill, and copies of the fifty-dollar bill that were seized from the
> defendant's apartment.  Therefore, the government has shown by a
> preponderance of the evidence that the four-level enhancement pursuant to
> section 2K2.1(b)(6) is valid.

*(Id.* at 36.)

To prevail on this claim, Petitioner must first show that appellate counsel was

objectively unreasonable in not raising the omitted issue. *Smith v. Robbins*, 528 U.S.

259, 285-86 (2000).  The exercise of judgment involved in framing an appeal makes it

"difficult to demonstrate that [appellate] counsel was incompetent" under *Strickland* for

omitting a particular argument.  *Smith*, 528 U.S. at 285-86 (citing *Gray v. Greer*, 800

F.2d 644, 646 (7th Cir.1986) ("Generally, only when ignored issues are clearly stronger

than those presented, will the presumption of effective assistance of counsel be

overcome")).  To demonstrate prejudice, Petitioner must establish a reasonable

probability that, but for appellate counsel's alleged error, he would have prevailed on

appeal. (*Id*. at 286.) Petitioner must satisfy both prongs of the *Strickland* test in order to

prevail on his claim of ineffective assistance of appellate counsel.   (*Id.* at 289.)

Petitioner has not demonstrated deficient performance.  Appellate counsel are not required to present every possible issue on appeal.  *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues").  Defendant's appellate counsel attests that research was conducted on the sentencing hearing but no error rose to fundamental or plain error.  (Doc. 104, Exh. B.)  The district court concluded that a preponderance of evidence, including testimony of the investigating officer, supported application of the enhancement.  On this record, because there was no underlying error, the undersigned concludes that Defendant has established neither the deficient performance nor prejudice prongs of *Strickland* with regard to this claim.

## Conclusion

Defendant's motion is due to be denied without an evidentiary hearing.  *See* 28 U.S.C. § 2255(b) (denying the need for an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").  In light of the foregoing, it is respectfully **RECOMMENDED:**

That the amended motion to vacate, Doc. 96, be **DENIED** and that a certificate of appealability be **DENIED.**

**IN CHAMBERS**  this 19th day of March 2012.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.