IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:08-cr-3-SPM -GRJ

NAKIA MCCLAIN,

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 96, an amended motion to vacate pursuant to 28 U.S.C. § 2255. The undersigned previously recommended that Petitioner's petition be denied. (Doc. 106.) The district judge adopted the Report and Recommendation in part–denying the motion on claims 1-4 and 6–but referred the case to the undersigned for further consideration of Claim 5, that appellate counsel was constitutionally ineffective for failing to advise Petitioner of his right to file a petition for certiorari. (Doc. 108.) The undersigned ordered supplemental briefing on Claim 5, and each party submitted a supplemental brief. (Docs. 110, 114.) Upon due consideration, the undersigned recommends that the motion as to Claim 5 be **DENIED.**

## Background

The motion stems from Defendant's conviction for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), for which Defendant received a sentence of 188 months imprisonment. (Doc. 96.) Defendant timely appealed to the Eleventh Circuit, raising as the sole ground for appeal sufficiency of the evidence presented at trial. (Docs. 63, 87); *McClain v. United States,* 319 F. Appx. 788, 789 (11th Cir. 2009). His conviction and sentence were affirmed, and no petition for *certioriari* was filed. On December 30, 2009, Defendant filed a motion to

vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 88.) Defendant was granted leave to file an amended motion, which was filed on February 17, 2011. (Docs. 95, 96.)

## Defendant's Claim Five:
## Failure to Advise of Right to File Petition for *Certiorari*

Defendant contends that appellate counsel rendered ineffective assistance by failing to inform him of his right to seek a petition for *certiorari* with the Supreme Court after the Eleventh Circuit affirmed his conviction and sentence. Correspondence attached to the affidavit of appellate counsel Robert August Harper evidences that on March 25, 2009, he sent Defendant the Eleventh Circuit's March 16, 2009 order affirming the conviction and sentence. (Doc. 104, Exh. B.) In that letter, appellate counsel advised Defendant that he "did not intend to file a petition for rehearing"; urged Defendant to communicate any suggestions promptly; and explained that his firm's representation ended. (*Id.*) On April 9, 2009, a letter from appellate counsel to Defendant notified him that his firm was "not authorized or permitted to file anything other than the direct appeal" on Defendant's behalf. (*Id.*) On May 4, 2009, appellate counsel mailed Defendant a copy of the record on appeal. (*Id.*)

In its supplemental brief, the Government acknowledges that Mr. Harper did not specifically address in his affidavit whether he advised Defendant of the right to seek a petition for *certiorari*. (Doc. 110.) The Government advises the Court that it recently contacted Mr. Harper regarding the need for an affidavit addressing this factual issue, but did not receive any documentation from Mr. Harper and therefore had no further evidence to submit. Accordingly, for the purposes of analyzing Claim 5, the Court will assume that Defendant was not advised by appellate counsel of his right to seek a

petition for *certiorari* with the Supreme Court.

### ***Applicability of Ineffective Assistance Standard***

Defendant does not have a Sixth Amendment right to counsel to pursue discretionary review in the Supreme Court. *See Ross v. Moffitt,* 417 U.S. 600, 616-17 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam). However, the narrow issue remaining in this case is whether it is ineffective assistance of counsel for appellate counsel to fail to advise Defendant of his right to petition for *certiorari* with the Supreme Court. As the Government points out, the Eleventh Circuit has not reached this issue. *Sessions v. United States*, 416 F. App'x 867, 869 (11th Cir. 2011) ("declin[ing] to address the hypothetical question of whether it might constitute ineffective assistance of counsel for an attorney to fail to advise a client of his right to file a petition for a writ of certiorari in violation of the Criminal Justice Act Plan where the client asserts that he would have filed such a petition if he had been informed.").[1]

There is support for the proposition that because there is no constitutional right to counsel to pursue discretionary review in the Supreme Court, there can be no claim that appellate counsel's performance was ineffective where counsel fails to advise a defendant of his right to pursue such review. *See, e.g., United States v. Arechiga-Ramirez*, 370 F. App'x 784, 784-85 (9th Cir. 2012); *Pena v. United States*, 534 F.3d 92, 95-96 (2d Cir. 2008); *Paige v. United States*, 2009 U.S. Dist. LEXIS 25094 at *31-32, 2009 WL 700659 at *10 (M.D. Fla. Mar. 16, 2009); *see also Coleman v. Thompson,* 501

---

[1]The Eleventh Circuit's CJA Plan states that CJA-appointed counsel "shall inform the client of the right to file a petition for rehearing or petition for rehearing en banc in this court, or to petition the Supreme Court of the United States for a writ of certiorari." 11th Cir. Loc. R. Addendum Four, section (f)(5) (2009).

U.S. 722, 752 (1991) (citing *Wainwright v. Torna* for the proposition that "when there is no constitutional right to counsel there can be no deprivation of effective assistance"). However, even if the constitutional standard applies, Plaintiff has failed, for the reasons discussed below, to demonstrate ineffective assistance of counsel.

### *Strickland Analysis*

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). With regard to the performance prong of *Strickland*, the court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). While appellate counsel may not have complied with the CJA's directive to advise Defendant of his right to pursue discretionary review, he promptly communicated to Defendant that his representation would not extend past the direct appeal and timely provided Defendant with the materials necessary to file a *certiorari* petition. While his alleged performance in this respect was not ideal, it arguably did not rise to the level of constitutionally deficient performance.

However, even assuming that appellate counsel's performance was deficient, Defendant has still failed to demonstrate prejudice. To show prejudice, a defendant

must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

> A recent case in this District confronted this issue:
>
> > If Defendant's argument is that counsel failed to advise him of the right to file a petition for writ of certiorari, he still has not established that counsel was constitutionally ineffective. Nothing in the arguments that Defendant raised on appeal or raises now herein suggests that this case would have been selected by the Court for review had he filed such a petition, or that the ultimate outcome of the proceedings would have been different.

*United States v. Johnson,* 2012 US. Dist. LEXIS 69145 at *26, 2012 WL 1802102 at *8 (N.D. Fla. May 17, 2012); Order adopting Report and Recommendation adopted at *United States v. Johnson*, Case No. 3:07-cr-77-MCR-EMT, Doc. 85 (N.D. Fla. Sept. 12, 2012); *see also Steele v. United States*, 518 F.3d 986, 988-89 (8th Cir. 2008) (requiring Petitioner to demonstrate prejudice where counsel did not file petition for *certiorari* by showing that she would have succeeded in obtaining a writ of *certiorari* and a reasonable probability she would have obtained relief as to her sentence).

Similarly, there is nothing in the arguments Defendant raised on direct appeal[2] or raises now that suggest his case would have been selected by the Supreme Court for review had he filed the petition, or that the ultimate outcome of his case would have

---

[2] "The sole issue on appeal is whether the evidence presented at trial established beyond a reasonable doubt that McClain was guilty of the charged offense." *United States v. McClain*, 319 F. Appx. 788, 789 (11th Cir. 2009).

been different. Defendant has not met his burden under *Strickland* of showing that had he been advised of his right to petition for *certiorari* and filed the petition, the outcome of the proceedings would have been different. Accordingly, Defendant's claim that appellate counsel was constitutionally ineffective for failing to advise him of his right to petition for *certiorari* with the Supreme Court is due to be denied.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended motion to vacate, Doc. 96, be **DENIED** as to Claim 5 and that a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 30th day of October 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**